IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KISH CHANDLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JASON COOPER, CLAUDE LUSK, | § | Civil Action No.  5:25-CV-13 |
| WAYLAND BAPTIST UNIVERSITY, | § | |
| AND NATIONAL ASSOCIATION | § | |
| OF INTERCOLLEGIATE ATHLETICS | § | |
| A/K/A NAIA, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NATIONAL ASSOCIATION OF INTERCOLLEGIATE ATHLETICS'
NOTICE OF REMOVAL**

Defendant National Association of Intercollegiate Athletics a/k/a NAIA ("NAIA") files this Notice of Removal to remove this case from the 64th Judicial District Court of Hale County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division, in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446 and Local Rule 81.1.

**I.     BACKGROUND**

1.     The NAIA is the governing body for athletics programs at 250 colleges and universities throughout the U.S. and Canada. In this role, the NAIA, through its members, adopts eligibility rules by which all member institutions and student-athletes are bound. One such rule is that a student is generally ineligible to compete once he or she has completed 10 semesters of coursework.

2.     Plaintiff, a former student-athlete at Wayland Baptist University ("WBU"), filed the underlying lawsuit in Texas state court against the NAIA, WBU, Jason Cooper ("Cooper"), and Claude Lusk ("Lusk"). In her original pleading, filed on November 1, 2024, Plaintiff alleged

that she had intended to preserve a year of eligibility under NAIA rules, but, as a result of bad information provided by WBU employees, she completed graduate-level coursework in the 2023-2024 academic year which resulted in the unintentional exhaustion of her eligibility. In connection with these facts, Plaintiff asserted a claim of negligence against Cooper, Lusk, and WBU, as well as an equitable cause of action against the NAIA to support an application for temporary restraining order on the basis that its 10-semester maximum eligibility rule is unfair. *See* Ex. A-2, Orig. Pet. at ¶ 53.[1]

3.  On January 3, 2025, Plaintiff filed an amended petition ("Amended Petition") that added a new cause of action based on a new allegation: that the NAIA eligibility rule at issue violates the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq*. *See, e.g.,* Ex. A-17, Am. Pet. at ¶¶ 74-81.

## II.     AUTHORITY FOR REMOVAL

### A.  This Court has federal question jurisdiction.

4.  Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5.  Although this case was not removable when originally filed, it became removable when the Amended Petition was filed because it now includes a claim arising under federal law.

---

[1] On November 18, 2024 Plaintiff's Application for a Temporary Restraining Order was heard by the Honorable Danah Zirpoli of the 64th Judicial District Court of Hale County, Texas. On the same day, the court denied the application. *See* Ex. A-12, Letter Order Denying Request for Temporary Restraining Order.

Specifically, Plaintiff alleges that the NAIA's rules governing student-athlete eligibility violate Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq*., and she seeks injunctive relief and costs and fees based upon such alleged violation. *See, e.g.,* Ex. A-17, Am. Pet. at ¶¶ 94; 104-105.

6. Without question, claims arising from the Sherman Antitrust Act are subject to federal question jurisdiction. *See In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 417 (S.D. Tex. 1999)(citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 105 S.Ct. 1327, 1331 (1985)).

7. In addition, this Court has supplemental jurisdiction over Plaintiff's remaining state court claims pursuant to 28. U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The statute goes on to provide that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367; *see also Lease Oil*, 186 F.R.D. at 417.

8. Here, this Court has supplemental jurisdiction over Plaintiff's remaining state court claims as such claims arise from the same facts that underpin Plaintiff's federal claim—that is, Chandler's completion of WBU coursework in the 2023-2024 academic year rendered her ineligible for future seasons of competition under existing NAIA eligibility rules.

**B. All procedural requirements for removal have been fulfilled.**

9. This Notice of Removal is timely because it was filed within 30 days of the NAIA being served with the pleading that provides a basis for federal question jurisdiction. *See* 28 U.S.C. § 1446(b)(3).

10. The remaining defendants to this suit—Lusk, Cooper, and WBU—consent to

removal of this suit to federal court, as evidenced by the Notices of Consent to Removal filed contemporaneously herewith.

11.     Pursuant to 28 U.S.C. § 1446(d), the NAIA will file a copy of this Notice of Removal with the clerk of 64th Judicial District Court of Hale County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

12.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, an index of all filings in the state court action, a copy of the state court docket sheet, and copies of each document filed in the state court action are attached to this Notice of Removal as composite **Exhibit A**. Also submitted with this Notice of Removal is a separately signed certificate of interested persons. *See* Local Rule 81.1(a)(4)(D).

13.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

## CONCLUSION

WHEREFORE, National Association of Intercollegiate Athletics a/k/a NAIA removes Chandler's lawsuit from the 64th Judicial District Court of Hale County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division for the reasons set forth above.

Dated:  January 24, 2025

Respectfully submitted,

**THOMPSON, COE,**
**COUSINS & IRONS, LLP**
Barry A. Moscowitz
Texas Bar No. 24004830
bmoscowitz@thompsoncoe.com
Cory L. Carlyle
Texas Bar No. 24050381
ccarlyle@thompsoncoe.com
Ravyn L. Goss

By: */s/ Alex E. Brakefield*
**HUSCH BLACKWELL LLP**
Alex E. Brakefield
Texas Bar No. 24105523
Alex.Brakefield@huschblackwell.com

1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
T: (214) 999-6100
F: (214) 999-6170

| | |
|---|---|
| Texas Bar No. 24136114<br>rgoss@thompsoncoe.com<br><br>700 N. Pearl Street, 25th Floor<br>Dallas, Texas 75201<br>T: (214) 871-8200<br>F: (214) 871-8209 | Jeffrey J. Simon (*pending admission pro hac vice*)<br>Missouri Bar No. 35558<br>Jeff.Simon@huschblackwell.com<br><br>4801 Main Street, Suite #1000<br>Kansas City, Missouri 64112<br>T: (816) 983-8000<br>F: (816) 983-8080 |

***ATTORNEYS FOR DEFENDANT NATIONAL ASSOCIATION OF INTERCOLLEGIATE ATHLETICS A/K/A NAIA***


## CERTIFICATE OF SERVICE

I certify that on January 24, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I further certify that on the same day, I served a copy of the foregoing document via the Court's CM/ECF system, to:

| | |
|---|---|
| Stewart D. Matthews<br>S.D. MATTHEWS & ASSOCIATES<br>16950 Dallas Parkway, Suite 109<br>Dallas, Texas 75248<br>attorney@accidentlawyer.legal<br>***ATTORNEY FOR PLAINTIFF*** | Ann Manning<br>UNDERWOOD LAW FIRM, P.C.<br>1111 W. Loop 289, P. O. Box 16197<br>Lubbock, Texas 79490<br>ann.manning@uwlaw.com<br>***ATTORNEY FOR JASON COOPER*** |
| Molly A. Manning<br>MULLIN HOARD & BROWN, LLP<br>1500 Broadway, Suite 700<br>P. O. Box 2585<br>Lubbock, Texas 79408-2585<br>mmanning@mhba.com<br>***ATTORNEY FOR CLAUDE LUSK & WAYLAND BAPTIST UNIVERSITY*** | |

                                                                */s/ Alex E. Brakefield*
                                                                 Alex E. Brakefield